```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
CAR WASH ADVISORY LLC,                                          :
                                                                :
                         Plaintiff,                             :
                                                                :          24-CV-8679 (JMF)
              -v-                                               :
                                                                :          MEMORANDUM OPINION
COLIN MAY et al.,                                               :          AND ORDER
                                                                :
                         Defendants.                            :
                                                                :
----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Car Wash Advisory LLC ("CWA"), a seller's side business broker for car wash companies, sues John-Michael Tamburro, a former employee, and Colin May, a former independent contractor.  *See* ECF No. 1 ("Compl.").  In brief, CWA alleges that Tamburro and May improperly accessed and misused its proprietary data in order to contact its customers and interfere with its business relationships; it brings federal statutory claims and state tort-law claims.  *Id.* ¶¶ 24-26, 33-40, 42-74.  Tamburro now moves, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to compel arbitration and to stay the case against him, relying on a clause in his employment agreement that requires arbitration of "any dispute that arises out of or is related to" the agreement.  ECF No. 1-2 ("Tamburro Agreement"), ¶ 14; *see* ECF No. 13 ("Tamburro Mem."), at 5-13.  Upon review of the parties' motion papers, the Court GRANTS the motion and STAYS the case in its entirety.

To determine whether to compel arbitration, a court must, first, "determine whether the parties agreed to arbitrate, and second, whether the scope of that agreement encompasses the claims at issue." *Oestreicher v. Equifax Info. Servs., LLC*, No. 23-CV-00239 (RER) (MMH), 2024 WL 1199902, at *3 (E.D.N.Y. Mar. 20, 2024) (internal quotation marks omitted).

Additionally, "if federal statutory claims are asserted, [the Court] must consider whether Congress intended those claims to be nonarbitrable." *Id.* (internal quotation marks omitted). Here, CWA concedes that the parties agreed to arbitrate and makes no argument that Congress intended Tamburro's federal statutory claims to be nonarbitrable. *See* ECF No. 15 ("Pl.'s Mem."), 5-8. Thus, Tamburro's motion turns on whether the arbitration clause at issue "encompasses the claims at issue." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015). The Court's inquiry into whether it does is guided by "[o]rdinary principles of contract law." *Loc. Union 97, Int'l Bhd. of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*, 67 F.4th 107, 113 (2d Cir. 2023). "If the allegations underlying the claims touch matters covered by" the arbitration clause, "then those claims must be arbitrated, whatever the legal labels attached to them." *Holick*, 802 F.3d at 395.

Tamburro plainly has the better of the argument, especially insofar as CWA, as the party resisting arbitration, bears the burden of showing that the parties' arbitration clause does *not* encompass the claims at issue. *See, e.g.*, *MSV Synergy, LLC v. Shapiro*, No. 21 CIV. 7578 (ER), 2022 WL 4096163, at *5 (S.D.N.Y. Sept. 7, 2022). As noted, the parties agreed to arbitrate "any dispute that arises out of or is related to" Tamburro's employment agreement. Tamburro Agreement ¶ 14. The Second Circuit has characterized such language as "the paradigm of a broad clause." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (construing an arbitration clause that applied to "[a]ny claim or controversy arising out of or relating to th[e] agreement"). However it is characterized, the clause is certainly broad enough to encompass all of CWA's claims, which are premised on allegations that Tamburro improperly misappropriated and misused CWA's proprietary information in violation of the employment

agreement.[1]  In short, CWA's claims are plainly "related to" Tamburro's employment agreement and, thus, subject to the arbitration clause.  *See* Tamburro Agreement ¶ 14.

CWA's arguments to the contrary are easily rejected.  First, CWA notes that May was not a party to Tamburro's employment agreement (and did not have an agreement of his own that calls for arbitration) and that the actions of Tamburro and May upon which its claims are based were "inextricably intertwined."  Pl.'s Mem. 1.  But CWA cites, and the Court has found, no authority to support the proposition that a plaintiff can escape a contractual obligation to arbitrate its claims against a party to a binding arbitration agreement by bringing related claims against a non-party to the agreement.  In fact, if anything, the relationship between the claims against Tamburro and the claims against May might support an argument that CWA is obligated to arbitrate the latter as well.  *See, e.g.*, *Kwik Ticket Inc. by Shamah v. Spiewak*, No. 20-CV-01201 (FB), 2022 WL 3446316, at *3 (E.D.N.Y. Aug. 17, 2022) ("Courts in the Second Circuit have held that equitable principles allow non-parties to an arbitration agreement to rely on the agreement when: (i) the allegations against the parties that are bound by the agreement are factually intertwined with the allegations against the non-parties; and (ii) a relationship exists among the parties that justifies estopping a party to the agreement from refusing to arbitrate with the non-parties, given its obligation to arbitrate with parties to the agreement." (citing *Choctaw*

---

[1] CWA's reliance on *Cooper v. Ruane Cunniff & Goldfarb Inc.,* 990 F.3d 173 (2d Cir. 2021), and cases involving employees' claims of sexual assault, *see* Pl.'s Mem. 7-8, is thus misplaced.  In each of these cases, the court held that claims fell outside the scope of an employment agreement's arbitration clause because "the facts relevant to the merits of [the plaintiff's claims]" did not "relate" to the employee's employment.  *Cooper*, 990 F.3d at 183.  By contrast, the facts relevant to CWA's claims here plainly relate to Tamburro's employment, as they turn on whether his access to, and use of, CWA's proprietary information was unauthorized or in violation of his employment agreement.  Compl. ¶¶ 18, 24-26.

*Generation LP v. Am. Home Assurance Co.*, 271 F.3d 403, 404 (2d Cir. 2001); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 359 (2d Cir. 2008)).

Second, CWA invokes a clause in the parties' agreement providing that, in the event Tamburro were to breach a covenant of non-competition and non-solicitation, he would "submit to the rendition of a temporary restraining order, without prior notice, and then to a temporary and permanent injunction" and "agree[] to the jurisdiction of an appropriate state court in New York County, New York" for those purposes. Pl.'s Mem. 6 (quoting Tamburro Agreement ¶ 7(H)). At most, however, this clause constitutes a limited carve-out from the otherwise broad arbitration clause permitting CWA to bring *claims for violation of Tamburro's non-competition and non-solicitation covenants* in *state* court. By its terms, the clause does not permit CWA to do what it does here, which is bring claims in *federal* court. And in any event, none of CWA's claims in this case relate to Tamburro's non-competition and non-solicitation covenants. Thus, the clause on which CWA relies does not provide a basis to deviate from the parties' agreement to arbitrate CWA's claims.

Accordingly, Tamburro's motion to compel arbitration must be and is GRANTED. Additionally, because Tamburro requests a stay, the claims against him must be and are stayed pending resolution of the arbitration. *See* 9 U.S.C. § 3 ("[T]he court . . . , upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."). Although CWA's claims against May are not subject to arbitration, the Court exercises its discretion to stay them too. Notably, CWA itself

4

requests that the Court do so if the Court determines, as it has, that arbitration is required. *See* Pl.'s Mem. 11. And in any event, proceeding with litigation in this Court against May alone "would invariably implicate issues common to the claims against [Tamburro] and affect [Tamburro's] interests." *Yost v. Everyrealm, Inc.*, No. 22 CIV. 6549 (PAE), 2023 WL 2859160, at *12 (S.D.N.Y. Apr. 10, 2023).

Finally, the Court rejects Tamburro's cursory request for attorneys' fees and costs associated with filing his motion and reply, ECF No. 16, at 7 & n.2, as he points to no evidence that CWA has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See* 28 U.S.C. § 1927; *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997).

The Clerk of Court is directed to terminate ECF No. 13 and — because there is no reason to keep the case on the Court's active docket while the arbitration proceeds — to administratively close the case, without prejudice to either side moving by letter motion to reopen the case **within thirty days of the conclusion of the arbitration proceedings**.

SO ORDERED.

Dated: June 4, 2025
New York, New York

                                         JESSE M. FURMAN
                                         United States District Judge